DAVID L. NEALE (SBN 141225)
JULIET Y. OH (SBN 211414)
GWENDOLEN D. LONG (SBN 276443)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dln@lnbyb.com, jyo@lnbyb.com, gdl@lnbyb.com

Proposed Attorneys for Chapter 11 Debtor
and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 2:11-bk-44742-SK |
| | ) | |
| 505 SAM HOUSTON II, LLC, | ) | Chapter 11 |
| | ) | |
|     Debtor and Debtor-in-Possession. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **EMERGENCY MOTION FOR ENTRY OF AN ORDER FOR JOINT ADMINISTRATION OF CASES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  To be determined<br>Time:  To be determined<br>Place:  Courtroom "1575"<br>        255 E. Temple Street<br>        Los Angeles, California |

2

## **SUMMARY**

Pursuant to 11 U.S.C.§ 105 and Rule 1015 of the Federal Rules of Bankruptcy Procedure, 505 Sam Houston II, LLC ("505-SH-II"), the debtor and debtor in possession in the above-referenced Chapter 11 case, hereby moves, on an emergency basis (the "Motion"), for the entry of an order for joint administration of this case with those of Milbank 505 Sam Houston I, LLC, Milbank 505 Sam Houston III, LLC, Milbank 505 Sam Houston IV, LLC, and Milbank 505 Sam Houston V, LLC (collectively, together with 505-SH-II, the "Debtors"), bearing case numbers 2:11-bk-44740, 2:11-bk-44743, 2:11-bk-44745, and 2:11-bk-44746, respectively.

The Debtors together, as tenants in common, own the real property commonly known as 505 North Belt and located at 505 North Sam Houston Parkway East, Houston, Harris County, Texas (the "Property"). The Property is a six-story office building consisting of approximately 78,000 square feet. The Property is managed by Milbank Real Estate Services ("Milbank"), a non-debtor, pursuant to an exclusive property management agreement that provides, among other things, that Milbank will procure and negotiate lease agreements with tenants for the Property, collect rents from tenants in the Property and disburse funds to pay the operating expenses related to the Property. Thus in addition to shared management, the Debtors also jointly share various creditors and debt obligations. During the pendency of their bankruptcy cases, the Debtors believe that the vast majority of issues and matters arising in the five cases will be interrelated, and that any transactions or actions taken in connection with the cases will necessarily involve all five of the Debtors. Accordingly, 505-SH-II believes that joint administration of the Debtors' bankruptcy cases is appropriate.

Joint administration will avoid duplicative expenses and will ensure that creditors in each of the cases will receive appropriate notice of pertinent matters. In addition, 505-SH-II believes that joint administration of the cases, including the use of a single pleadings docket, the

3

combining of notices to creditors of the different estates, and the joint handling of purely administrative matters will aid in expediting the cases and rendering the process less costly, without prejudicing the substantive rights of any creditor.

505-SH-II further believes that joint administration of the cases will assist the Office of the United States Trustee in forming a single committee of unsecured creditors, should one be necessary, which should further reduce costs to the estates. Additionally, the granting of the Motion will eliminate further need for the Debtors to file identical motions and orders in each of the cases when seeking relief that is common to all five of the Debtors, will avoid the further waste of judicial resources related to, for example, the docketing of identical motions, declarations and orders in the each of the cases, and will permit the Debtors' estates to avoid the substantial copy costs and service costs associated with filing and serving motions and other pleadings in the cases that seek collective relief for the Debtors. As a result, 505-SH-II hereby respectfully submits that cause exists to grant the Motion.

## **ADDITIONAL INFORMATION**

The Motion is based on the attached Memorandum of Points and Authorities, the Statement of Facts and Declaration of M. Aaron Yashouafar in support thereof filed concurrently herewith, the statements, arguments and representations of counsel to be made at the hearing on the Motion and any other admissible evidence properly presented to the Court.

In order to provide maximum notice of this Motion, the Debtors have served a copy of this Motion and all supportive papers (including notice of the hearing) upon the Office of the United States Trustee, all secured creditors and their counsel (if known), and the 20 largest unsecured creditors of each of the Debtors via overnight mail. These parties will receive delivery of the Motion and all supportive papers by not later than the morning of September 8, 2011.

1   **WHEREFORE,** 505-SH-II respectfully requests that this Court enter an order:

2       (a)    affirming the adequacy of the notice given;

3       (b)    authorizing the joint administration of the Debtors' bankruptcy cases;

4       (c)    approving the form of caption suggested by the 505-SH-II herein; and

5       (d)    granting such other and further relief as the Court deems just and proper.

6   Dated: September 7, 2011                505 SAM HOUSTON II, LLC

7

                                            By:   /s/ *Juliet Y. Oh*

8                                                DAVID L. NEALE
                                             JULIET Y. OH

9                                              GWENDOLEN D. LONG
                                             LEVENE, NEALE, BENDER, YOO

10                                                    & BRILL L.L.P.
                                             Proposed Attorneys for Chapter 11

11                                              Debtor and Debtor-in-Possession

12

13

14

15

16

17

18

19

20

21

22

23

24

25

5

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF FACTS

1.    On September 5, 2011 (the "Petition Date"), Milbank 505 Sam Houston II, LLC, a Delaware limited liability company ("505-SH-II"), the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case, filed a voluntary petition under Chapter 11 of 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). Concurrently therewith, Milbank 505 Sam Houston I, LLC, Milbank 505 Sam Houston III, LLC, Milbank 505 Sam Houston IV, LLC, Milbank 505 Sam Houston V, LLC (collectively, together with 505-SH-II, the "Debtors") each an affiliate of 505-SH-II also filed chapter 11 bankruptcy cases bearing case numbers 2:11-bk-44740, 2:11-bk-44743, 2:11-bk-44745, and 2:11-bk-44746, respectively. The Debtors are managing their financial affairs and operating their bankruptcy estates as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.    On the Petition Date, the Debtors' affiliates Milbank 525 Sam Houston I, LLC, 525 Sam Houston II, LLC, Milbank 525 Sam Houston III, LLC, Milbank 525 Sam Houston IV, LLC and Milbank 505 Sam Houston III, LLC (collectively, the "525 Entities"), bearing case numbers 2:11-bk-44747, 2:11-bk-44748, 2:11-bk-44749, 2:11-bk-44750 and 2:11-bk-44751 also filed for relief under Chapter 11. 505-SH-II is not seeking to jointly administer the 525 Entities' cases with those of the Debtors. Instead, by way of separate motions, the 525 Entities are seeking joint administration to be administered on a separate distinct docket, under the proposed lead case In re Milbank 525 Sam Houston I, LLC.

3.    The Debtors together, as tenants in common, own the real property commonly known as 505 North Belt and located at 505 North Sam Houston Parkway East, Houston, Harris County, Texas (the "Property"). The Property is a six-story office building consisting of approximately 78,000 square feet.

1    4.     Following their acquisition of the Property in 2006, the Debtors entered into a
2  property management agreement (the "Management Agreement") with Milbank Real Estate
3  Services ("Milbank"), pursuant to which Milbank acts as the Debtors' exclusive managing agent
4  for the Property.  In accordance with the Management Agreement, Milbank, among other things,
5  procures and negotiates lease agreements with tenants for the Property, collects rents from
6  tenants in the Property and disburses funds to pay the operating expenses related to the Property.

7    5.     In addition to shared management, the Debtors also share various creditors and
8  debt obligations.  During the pendency of their bankruptcy cases, the Debtors believe that the
9  vast majority of issues and matters arising in each of the cases will be interrelated, and that any
10 transactions or actions taken in connection with the cases will necessarily involve all five
11 Debtors.

12   6.     Joint administration will avoid duplicative expenses and will ensure that creditors
13 in each of the cases will receive appropriate notice of pertinent matters.  In addition, 505-SH-II
14 believes that joint administration of the cases, including the use of a single pleadings docket, the
15 combining of notices to creditors of the different estates, and the joint handling of purely
16 administrative matters will aid in expediting the cases and rendering the process less costly,
17 without prejudicing the substantive rights of any creditor.

18   7.     505-SH-II further believes that joint administration of the cases will assist the
19 Office of the United States Trustee in forming a single committee of unsecured creditors, should
20 one be necessary, which should further reduce costs to the estates.  Additionally, the granting of
21 the Motion will eliminate further need for the Debtors to file identical motions and orders in each
22 of the cases when seeking relief that is common to all five of the Debtors, will avoid the further
23 waste of judicial resources related to, for example, the docketing of identical motions,
24 declarations and orders in the each of the cases, and will permit the Debtors' estates to avoid the
25

7

substantial copy costs and service costs associated with filing and serving motions and other pleadings in the cases that seek collective relief for the Debtors. As a result, 505-SH-II hereby respectfully submits that cause exists to grant the Motion.

## II. DISCUSSION

505-SH-II requests that the Court approve joint administration of its bankruptcy estate with those of the remaining Debtors. Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that the Court may order the joint administration of cases involving a debtor and an affiliate[1] where such an order "may tend to avoid unnecessary costs and delay." Bankruptcy Rule 1015(b)(4) & (c). Bankruptcy Rule 1015 is designed to promote the fair and efficient administration of related cases of affiliated debtors, while ensuring that no rights of individual creditors are unduly prejudiced. See 8 Collier on Bankruptcy ¶ 1015.03 (15th Ed. 1990); In re Brookhollow Assocs., 435 F.Supp. 763, 766 (D. Mass. 1977) (joint administration "help[s] the bankruptcy court to administer economically and efficiently different estates with substantial interests in common"); In re H&S Transportation Co., 55 B.R. 786 (Bankr. M.D. Tenn. 1985).

Unlike substantive consolidation which pools the assets and liabilities of related entities, joint administration is merely procedural; each of the Debtors' estates herein would remain a separate legal entity and creditors' individual rights against each estate are preserved. In re N.S. Garrott & Sons, 63 B.R. 189, 191 (E.D. Ark. 1986); In re Arnold, 33 B.R. 765, 767 (Bankr. E.D.N.Y. 1983).

---

[1] Under the definition of "affiliate" in the Bankruptcy Code, the Debtors are affiliates. See 11 U.S.C. § 101(2)(C).

8

Joint administration of the Debtors' cases is warranted and appropriate under Bankruptcy Rule 1015(b). As set forth above, the Debtors co-own the Property, which is managed by a non-debtor management company under a common management agreement. As such, the Debtors submit that they are "affiliates" as that term is defined in the Bankruptcy Code. See 11 U.S.C. § 101(2)(C). In addition, the affairs of the Debtors are sufficiently intertwined to make joint administration of their cases more efficient and economical than separate administration. Joint administration will greatly reduce the costs in administering these cases, and would serve to eliminate any potential confusion and waste associated with maintaining separate dockets. Moreover, joint administration would eliminate the need for filing duplicative pleadings in each of the cases, and would reduce the burden for the Clerk's Office in administering the cases.

Further, the Debtors believe that there would be no material prejudice to any creditor if the cases are jointly administered. Creditors of the Debtors' estates will benefit from the reduction of administrative costs and fees. Moreover, to the extent any conflict between the estates herein arises, the Court may take further steps to modify its order of joint administration to eliminate any such conflict. In light of the foregoing, the Court should exercise its discretion under Bankruptcy Rule 1015(c) and order joint administration of the cases.

As the entry of an order granting the Motion will eliminate the further need for the Debtors to file identical motions and orders in each of the cases when seeking relief that is common to all five of the Debtors, joint administration will avoid the further waste of judicial resources related to, for example, the docketing of identical motions, declarations and orders in each of the cases, and will permit the avoidance of substantial copy costs and service costs to the estates associated with the filing and serving of motions and other pleadings in each of the cases. Based on the foregoing, the Debtors hereby respectfully submit that cause exists to grant the Motion on an emergency basis.

9

1  In the event the Court orders joint administration of the cases, the Debtors respectfully suggest that the <u>Milbank 505 Sam Houston I, LLC</u> case be used as the lead case and that the following caption be approved:

| In re | ) | Case No. 2:11-bk-44740-SK |
|---|---|---|
| | ) | |
| MILBANK 505 SAM HOUSTON I, LLC, | ) | Joint Administration Pending With: |
| 505 SAM HOUSTON II, LLC, | ) | Case No. 2:11-bk-44742 |
| MILBANK 505 SAM HOUSTON III, LLC, | ) | Case No. 2:11-bk-44743 |
| MILBANK 505 SAM HOUSTON IV, LLC, | ) | Case No. 2:11-bk-44745 |
| and | ) | Case No. 2:11-bk-44746 |
| MILBANK 505 SAM HOUSTON V, LLC, | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |
| ___ Affects Milbank 505 Sam Houston I, LLC Only | ) | |
| ___ Affects 505 Sam Houston II, LLC Only | ) | Date: |
| ___ Affects Milbank 505 Sam Houston III, LLC Only | ) | Time: |
| ___ Affects Milbank 505 Sam Houston IV, LLC Only | ) | Place: Courtroom "1575"  255 E. Temple Street  Los Angeles, California |
| ___ Affects Milbank 505 Sam Houston V, LLC Only | ) | |
| _X_ Affects All Debtors | ) | |

10

### III. CONCLUSION

Based on the foregoing, 505-SH-II submits that approval by this Court of the Motion is in the best interests of each of the Debtors' estates and respectfully requests that the Court enter an order:

(a) affirming the adequacy of the notice given;

(b) authorizing the joint administration of the Debtors' bankruptcy cases;

(c) approving the form of caption suggested by 505-SH-II herein; and

(d) granting such other and further relief as the Court deems just and proper.

Dated: September 7, 2011                    505 SAM HOUSTON II, LLC


By:  /s/ *Juliet Y. Oh*
    DAVID L. NEALE
    JULIET Y. OH
    GWENDOLEN D. LONG
    LEVENE, NEALE, BENDER, YOO
        & BRILL L.L.P.
    Proposed Attorneys for Chapter 11
    Debtor and Debtor-in-Possession